

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# Raczkowski v. Empire Kosher

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3159

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Raczkowski v. Empire Kosher" (2006). *2006 Decisions.* Paper 898.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/898

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3159

PHILIP RACZKOWSKI,

Appellant

v.

EMPIRE KOSHER POULTRY;
EMES RABBINIC ASSOCIATION

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-00312)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

Before: AMBRO, FUENTES and GREENBERG, Circuit Judges

(Opinion filed:   June 14, 2006)

OPINION

AMBRO, Circuit Judge

Phillip Raczkowski appeals from the District Court's grant of summary judgment

to Empire Kosher Poultry Inc. ("Empire") with respect to his claims that Empire (1)

breached the collective bargaining agreement between itself and EMES Rabbinic Association ("EMES") by firing him, and (2) wrongfully discharged him in violation of Pennsylvania common law. For the reasons that follow, we affirm.

## I.

Because we write solely for the benefit of the parties, we do not recite the facts giving rise to this appeal. We exercise plenary review over the District Court's grant of summary judgment. Sutton v. Rasheed, 323 F.3d 236, 248 (3d. Cir. 2003). It is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Judgment as a matter of law is appropriate if the nonmoving party fails to make a showing sufficient to establish the existence of all the necessary elements of his case for which he would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When deciding a motion for summary judgment, we view the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). However, if the non-movant's evidence is merely speculative, conclusory, "or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (internal citation omitted).

## II.

2

Raczkowski argues that Empire breached the terms of its collective bargaining agreement with EMES in violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. To prevail on this claim, he must prove that (1) Empire breached the collective bargaining agreement, and (2) that EMES breached its duty of fair representation. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983). The District Court held that there was sufficient evidence to give rise to a question of fact regarding Empire's alleged breach, but Raczkowski failed to provide sufficient evidence to establish the second element. A union breaches its duty of fair representation if its conduct is "arbitrary, discriminatory, or in bad faith." Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998). A union, however, "has broad discretion in its decision whether and how to pursue an employee's grievance against an employer." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 567-68 (1990). It acts arbitrarily only if its conduct "can be fairly characterized as so far outside a wide range of reasonableness that it is wholly irrational or arbitrary." Marquez, 525 U.S. at 45 (internal quotation marks and citations omitted). Even a union decision that is ultimately wrong is not a breach of its fair representation duty unless that decision is so unreasonable that it is "without rational basis or explanation." Id. at 46.

Raczkowski argues that EMES acted arbitrarily by never using grievance or arbitration processes for any of its members, even if a given case called for them. In short, he contends that EMES had pre-determined that it would never use these processes for him. He failed, however, to produce evidence significantly probative of these

3

allegations. The mere fact that EMES had never used the grievance or arbitration processes before does not show arbitrariness because there is no evidence that it had abused its considerable discretion in doing so.

Even if evidence existed that EMES had breached its duty in one or more prior cases, Raczkowski would still have to present evidence showing why EMES's prior decisions are relevant to whether its decision in his case was arbitrary. He makes much of the evidence that EMES did not as a matter of practice use arbitrations or grievances, but that does not *per se* make its actions arbitrary here. Unions have considerable discretion in deciding how to deal with grievances, and may favor some techniques over others. See Chauffeurs, Teamsters & Helpers, 494 U.S. at 567-68. The ultimate issue is whether EMES's conduct in Raczkowski's particular case was "so far outside a wide range of reasonableness that it is wholly irrational or arbitrary," not whether its policies were arbitrary in general. Marquez, 525 US. at 45 (internal quotation marks and citations omitted).

In Raczkowski's case, EMES's acting president did not file a grievance or seek arbitration, but he did meet with Empire's management and representatives several times, examined the product that Raczkowski had removed from the fry plant, knew of the rules Raczkowski had violated, negotiated to save Raczkowski's job, and when that failed, negotiated a severance package he believed was favorable to Raczkowski. EMES's actions were not wholly irrational or arbitrary. In any event, Raczkowski failed to present evidence that would show a genuine issue of material fact as to the second element of §

4

301 of the LMRA. We thus affirm the District Court's grant of summary judgment to Empire on Raczkowski's claim that Empire breached its collective bargaining agreement with EMES.

## III.

Raczkowski also argues that he should have a cause of action for wrongful discharge under Pennsylvania common law, even though he was covered by a collective bargaining agreement and had statutory remedies, because he received no protection from the agreement. It is well established under Pennsylvania law that only at-will employees may bring wrongful discharge claims. Phillips v. Babcock & Wilcox, 503 A.2d 36, 37 (Pa. Super. Ct. 1986). The wrongful discharge cause of action was judicially created for at-will employees "to provide a remedy for employees with no other recourse against wrongful discharge." Id. (citing Geary v. U.S. Steel Corp., 319 A.2d 174, 179 (Pa. 1974)). It does not apply to employees with collective bargaining agreements who have both contractual remedies against arbitrary discharge and statutory remedies under federal labor law. Id.; see 29 U.S.C. § 185.

Raczkowski asserts that, even though he was technically represented by EMES, he should be deemed to be equivalent to an at-will employee because EMES deprived him of legal recourse by arbitrarily failing to file a grievance. But unlike at-will employees, EMES could have used its discretion to file a grievance against Empire on Raczkowski's behalf, and did, in fact, negotiate with Empire over his discharge. Therefore, we affirm the District Court's grant of summary judgment to Empire on Raczkowski's claim for

5

wrongful discharge under Pennsylvania law.

* * * * *

In this context, we affirm the order of the District Court.